UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-cr-00162-APG-NJK |
| Plaintiff, | Order Granting<br>**Stipulation for Protective Order** |
| v. | |
| STERLYN LEE SMITH, JR., | |
| Defendant. | |

The parties, by and through the undersigned, respectfully request that the Court issue an order protecting from disclosure to the public, or any third party not directly related to this case, any documents, recordings, or other tangible things produced by the government during discovery that contain the confidential personal identifying information (PII) of individuals referenced in the discovery. The parties state as follows:

1. The indictment in this case issued on August 29, 2023. Defendant made his initial appearance in California. On or about September 26, 2023, defendant appeared and was detained pending trial in this District.

2. Trial is currently scheduled for December 4, 2023. The Office of the Federal Public Defender was appointed to this case and Assistant Federal Public Defender Jawara Griffin filed his notice of appearance on September 29, 2023. ECF 12.

3. The indictment in this case arises out of an alleged bank fraud scheme that defendant and his co-schemers perpetrated for about six years where they would purchase legitimate postal money orders, alter them to reflect a higher monetary value, negotiate them at banks in California and the Las Vegas area, and then withdraw the money before the banks discovered the altered money orders were forged. The allegations in this case involve the misuse of PII. In many cases, bank accounts were opened in other peoples' identities using their PII near the time when the altered money orders were deposited, and then the accounts went dormant after the cash was withdrawn. The discovery therefore contains PII, such as names, social security numbers, and birthdates, of hundreds of identities used to open those bank accounts. The release of such PII to the public or third parties not involved in the case could endanger the privacy of these individuals and also subject them to potential misuse of their identities. This confidential PII is referred to here as the "Protected Information" and is subject to this protective order.

4. In order to protect the privacy of the individuals referenced in the discovery, the parties intend to restrict access to Protected Information to the following individuals: attorneys for all parties and any personnel that the attorneys for all parties consider necessary to assist in performing that attorney's duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals"). **The Defendant is not a Covered Individual.**

5. The Covered Individuals shall be advised of the Protective Order, and, without leave of Court, the Covered Individuals shall not:

  a. make copies for, or allow copies of any kind to be made by any other person of the Protected Information in this case;

  b. allow any other person to read, listen, or otherwise review the Protected Information in this case, except as provided in paragraph 6;

  c. use the Protected Information for any purpose other than preparing to defend against or prosecute the charges in the Indictment or any further superseding indictment arising out of this case; or

  d. attach any Protected Information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

6. The Protected Information shall be segregated from discovery not containing PII, and Defendant shall only be permitted to review the Protected Information in the presence of defense counsel who shall retain exclusive possession of the Protected Information. Defense counsel will ensure that any discovery item left with Defendant is fully redacted of any Protected Information.

7. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at trial or support in motion practice.

8. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

9. The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1). Should a reasonable need for this protective order cease to exist, on grounds other than a Covered

Individual or some other person violating or circumventing its terms, the Government will move expeditiously for its dissolution.

10. In the event of an inadvertent disclosure of the Protected Information, the party making or learning of the inadvertent disclosure will immediately:

    a. Notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order;

    b. Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made;

    c. Notify the Government and other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information; and

    d. Notify the Court in writing under seal.

11. The defense hereby stipulates to this protective order.

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

*s/ Jawara Griffin*                   *s/ Kimberly M. Frayn*
JAWARA GRIFFIN                    KIMBERLY M. FRAYN
Assistant Federal Public Defender     JUSTIN WASHBURNE
Attorney for Defendant SMITH, JR.    Assistant United States Attorneys

**IT IS SO ORDERED:**

_____       October 6, 2023
HONORABLE NANCY J. KOPPE          Date
UNITED STATES MAGISTRATE JUDGE

4